[No. 717.   August 25, 1897.]

## IN RE LEONARD LEWISOHN et al., Petitioners. Certiorari.

CERTIORARI—FILING OF DECLARATION—ORDER NUNC PRO TUNC—JURISDICTION.—On certiorari, where a nunc pro tunc order was made in each of two causes, and the order of one cause was in identical language with that of the other, and both made the same day, reciting that the declaration had been left with the clerk, and that the advance fee required by law had in fact been paid, and there was no averment in the petition in conflict with these recitals —Held: That a paper left with the clerk for filing in a cause, whether marked "filed" or not, is a paper in the cause, and the court had jurisdiction to act in regard to the same. Comp. Laws, sec. 1867.

ID.—Held: Where, as here, it is clear that the district court had jurisdiction to make the order sought to be vacated, this court will not consider the question whether or not the writ of certiorari, not being in aid of appellate jurisdiction, can legally issue to that court. Smith, C. J., dissenting.

*Application* ex parte of Leonard Lewisohn and J. T. McLaughlin, for writ of certiorari to the First Judicial District Court, Santa Fe County.   Writ discharged. Smith, C. J., dissenting.

The facts are stated in the opinion of the court.

FRANCIS DOWNS for petitioners.

The writ of certiorari is a common law writ.   4 Cy. of P. & P. 18.

As to question of jurisdiction see:   Territory v. Valdez, 1 N. M. 536; 4 Cy. P. & P. 103, and citations; Comp. Laws,

1884, sec. 1876; Id., sec. 1836.    See, also, U. S. Rev. Stat., sec. 2326.

The rule is universal that no act shall be done nunc pro tunc, which shall work injustice to a party in court.    Waldo, Hall & Co. v. Beckwith, 1 N. M. 97.    See, also, Secor v. Le-roux, Id. 391; Gray v. Brignardello, 1 Wall. 636; Downey v. Rogers, 2 L. D. 708, 16.

Judicial discretion is to· be exercised in  discovering  the course prescribed by the law; never the arbitrary will of the judge.    Tripp v. Cook, 26 Wend. 152; Platt  v.  Monroe, 34 Barb. 293; Osborn v. U. S. Bank, 9 Wheat. 866; Comm. v. Lesher, 17 Serg. & R. (Pa.) 164; State v. Cummings, 36 Mo. 278; 34 Ala. 235; 46 Id. 310; 4 Ia. 283; 25 Miss 286.

COLLIER, J.—The writ of certiorari applied for in this case is not in any way in aid of  the  appellate  jurisdiction  of this  court,  but to have reviewed the records of two causes in

the district court of Santa Fe, and to have set aside  a  nunc pro tunc order in each, as being made without jurisdiction.    The nunc pro tunc order in one case is in identical language with that in the other, and both were made the same day.·    After entitling the case, the order reads as follows:    "It being made to appear to the court that plaintiffs left with the clerk of this court the  declaration  in  the above cause on the evening of May 21, 1895, and that it was not filed by the clerk for the reason that plaintiffs did not pay the advance fee as required by law, and that such fee has been paid at this date, it is ordered that the clerk file said declaration as of the date of May 21, 1895; and it is so ordered.    May 24, 1895.    N. B. Laughlin, Associate Justice," etc.    It is to be noted that this order recites that the declaration had been left with the clerk, and that the advance fee required by law had in fact been paid, and there is no averment in the petition for certiorari in conflict with these recitals.    It should be assumed, then, that both the declaration and the advance fee were in the hands of the clerk when  the  order  was  signed. · Section 1836 of our Compiled Laws provides that "it shall be ·

CERTIORARI:
 filing of decla-
ration: order
nunc pro tunc:
jurisdiction.

the duty of the clerk when any paper is filed in his office immediately to enter on the back thereof his certificate of the day on which it was filed." Therefore it appears that the suitor delivering to the clerk a paper which should be filed in his office files same, and the clerk's certificate on the back thereof is merely the evidence of the filing. This appears still more clearly by what follows in the same section. If the clerk neglects to place his certificate on the back of the paper the court may, in its discretion, "guided by the justice of the case," by an order nunc pro tunc, direct that the certificate be entered. Here is an express statutory provision that, whether a paper is marked "Filed" or not, a nunc pro tunc order may be made in reference to the same. The statute considers a paper left with the clerk for filing as a paper in the case, and, if it is, the court has jurisdiction to act in regard to the same. Section 1867, Comp. Laws, also, shows that if a declaration or a bill is left with the clerk with the intent that process shall immediately issue thereon, that makes the commencement of an action, and that such intent is to be presumed. Plaintiffs' attorney left with the clerk the declarations on May 21st, and the advance fee afterwards; all prior to the signing of the nunc pro tunc order. Whether there was error in the nunc pro tunc order can not be considered by us, but only whether or not there was jurisdiction to make the order. We think there undoubtedly was jurisdiction, and this writ should be discharged. We refrain from passing upon the question whether or not this Certiorari. writ, not being in aid of the appellate jurisdiction, can legally issue to the district court, as it is clear that there was jurisdiction to make the order sought to be vacated. An order should be entered discharging this writ, and it will be so ordered.

Hamilton and Bantz, JJ., concur.

SMITH, C. J. (dissenting).—I can not concur in the conclusion of my associates, as I can not conceive that the existence of jurisdiction confers the authority to assume it prior to

its acquisition. Such retroactive operation would extend limitations upon actions, and bestow upon courts the power to annul legislation of restrictive character. Jurisdiction obtained is prospective in operation, in personam et in rem, and it is illogical that in its exercise it should be deemed legitimate to affect its subject before the commencement of the litigation bestowing it. In this case the institution of the suit by the plaintiffs was not in conformity with the exactions of the department, absolute in its right to prescribe rules and regulations in the premises, and the time within which it should have been commenced having expired. I do not recognize that it was in the power of the judge to deprive the petitioners of their advantage by an endeavor to protect the paintiffs against their own default. "The leading object of the writ of certiorari is to keep inferior judicatories within the bounds of their jurisdiction; and where any such tribunal, judicial or quasi judicial, has proceeded without any jurisdiction, or in excess thereof, certiorari lies to correct the error." It must be conceded that the fiat of the judge in this case was an assertion of authority beyond his rights. Being without jurisdiction on May 21st, it is beyond achievement that he could possess himself of it at that date by any judicial legerdemain at a subsequent date, and any order on the twenty-fourth of May, presuming to operate prior to its issuance, was in excess of his jurisdiction. If such power as was practiced in this case be within the purview of a judicial official, and the aggrieved party is limited for redress to the prolix proceeding of appeal, his rights may be lost by the unavoidable delay in such effort to secure them. It appears that grave injustice and injury has been done the petitioners by the order of the judge attempting to save to the plaintiffs the limitation within which they should have sued; and it would seem that this court, even if there were legitimate doubts as to the propriety of allowing the writ as strictly applied at common law, should have solved the problem in behalf of the petitioners, in deference to the extension of the writ, in many states, by judicial enlargement even to the function of reviewing and correcting illegalities

and irregularities in proceedings. But an order nunc pro tunc is, by its terms, limited, in its retrospective effect, to the time when the right to issue any order had accrued, when jurisdiction had attached, and, if it exceeds this extent, it is a nullity for its excess of jurisdiction.