614 P.2d 18
**TOWN OF HURLEY,**
**Petitioner-Appellant,**

v.

**NEW MEXICO MUNICIPAL**
**BOUNDARY COMMISSION,**
**Respondent-Appellee,**

**Kennecott Copper Corporation,**
**Protestant-Appellee.**

**No. 12601.**

Supreme Court of New Mexico.

July 23, 1980.

V. Lee Vesely, Silver City, for appellant.

Dickson & Young, Hilton A. Dickson, Jr., Silver City, for Kennecott Copper Corp.

Anita Hisenberg, State Planning Director, Santa Fe, for Municipal Boundary Commission.

## OPINION

FELTER, Justice.

Petitioner-appellant, the Town of Hurley, sought review by the district court of an order by the New Mexico Municipal Boundary Commission (Commission) denying a request for annexation of real estate. The district court dismissed petitioner's appeal for lack of jurisdiction, more than thirty days having elapsed between the filing of the Commission's order and the taking of the appeal. We affirm.

The order of the Commission was made on December 15, 1978. On December 19, 1978 the Director of the State Planning Division of the New Mexico Department of Finance and Administration mailed a machine copy of a certified copy of the order to the county clerk of Grant County and to the municipal clerk of the Town of Hurley along with letters of transmittal. The county clerk of Grant County received the letter of transmittal and enclosures on December 21, 1978. The letter of transmittal was date stamped as having been received on that date and placed in a file folder labeled "Department of Finance and Administration", which, in turn was placed in a file cabinet. The machine copy of the certified copy of the order was not stamped. It was placed in a file folder, labeled "Town of Hurley Order Denying Annexation", then placed in a file cabinet. No other records of receipt or filing existed in the office of the county clerk of Grant County at that time. However, on January 2, 1979, a new county clerk recorded the machine copy of the certified copy of the Commission's order in the record books of Grant County. The municipal clerk of the Town of Hurley did not date stamp the letter of transmittal or the enclosed copy of the order, but they were received by that clerk and preserved. They were so received in an envelope postmarked December 19, 1978, at or about the same time as receipt of identical documents by the county clerk of Grant County, namely December 21, 1978.

Petitioner filed its application for review with the district court on February 1, 1979, reciting therein that the Commission's order had been recorded on January 2, 1979.

The sole question for decision is whether petitioner's appeal of the Commission's order to the district court was timely filed. The statutes having application to this question in pertinent part are quoted, to wit:

*Section 3–7–16(A), N.M.S.A. 1978*

Within ten days after the municipal boundary commission makes its determination, the director of the planning division of the department of finance and administration shall file certified copies of the order of the municipal boundary commission in the office of the municipal clerk of the municipality to which the territory has been petitioned to be annexed and in the office of the county clerk.

*Section 3–7–15(E), N.M.S.A. 1978*

Any order of the municipal boundary commission shall be final unless any owner of land within the territory proposed to be annexed, within thirty days *after the filing of the final order* in the office of the county clerk and the office of the municipal clerk, obtains review of the order by the district court. (Emphasis added.)

Appellant asserts that the term "filing" as used in the quoted statutes is synonymous with recordation, which was not done until January 2, 1979. Therefore, the appeal to district court, filed on February 1, 1979 was within thirty days of the January 2, 1979 date. Appellant further claims that a machine copy of a certified copy of the order does not satisfy the requirement of "certified copies" mentioned in Section 3–7–16(A).

Appellees contend that the "filing" requirement specified in Section 3–7–15(E) was fulfilled no later than December 21, 1978 and therefore, forty-two days elapsed before the filing of the appeal in district court on February 1, 1979. Inasmuch as such an appeal must be filed within thirty days after the filing of the final order in the office of the county clerk, the district court was without jurisdiction and properly dismissed the appeal.

■ Preliminarily, it is conceded that compliance with time requirements for filing an appeal is jurisdictional, and if the appeal to the district court was not filed within the thirty day limitation of Section 3–7–15(E), then the district court was without jurisdiction to consider the appeal. *Lopez v. Allied Concord Financial Corporation,* 82 N.M. 338, 481 P.2d 700 (1971); *Scott v. Newsom,* 74 N.M. 399, 394 P.2d 253 (1964).

The correctness and accuracy of the "machine copy of a certified copy" of the Commission's order as being an exact copy of the original is not challenged. Appellant argues only that the requirement for filing "certified copies" instead of "machine copies of certified copies", as contained in Section 3–7–16(A), N.M.S.A. 1978, is to permit the document to be eligible for recordation under the provisions of Section 14–8–4.

■ We perceive that the purpose of the filing requirements contained in Sections 3–7–15(E) and 3–7–16(A) were intended by the Legislature: (1) to provide public and accessible repositories in the offices of county and municipal clerks of accurate copies of the official orders of the Commission; (2) to give constructive notice to the world of such orders; and (3) to fix the commencement of the time within which an appeal to district court from such orders may be taken, namely thirty days, by the instrumentality of constructive notice to a party desiring to appeal.

We are persuaded that all of these purposes were accomplished no later than December 21, 1978.

The term "file" is defined in *Black's Law Dictionary* 755 (Rev. 4th ed. 1968) as "To deliver an instrument or other paper to the proper officer for the purpose of being kept on file by him in the proper place." That definition is accurately paraphrased by stating that "to file" a paper, on the part of a party, is to place it in the official custody of the clerk.

In *Gallagher v. Linwood,* 30 N.M. 211, 231 P. 627 (1924), this court adopted a definition of "filing" in the following language:

"The most accurate definition of filing a paper is that it is its delivery to the proper officer, to be kept on file."

*Id.* at 217–218, 231 P. at 629.

*See also Taylor v. Via,* 59 N.M. 320, 284 P.2d 211 (1955); *Nations v. Lowenstern,* 27 N.M. 613, 204 P. 60 (1922).

■Further, it is not necessary that the officer endorse the document upon its receipt in order to effect the filing. In an Eighth Circuit decision regarding the filing of a petition for review of a decision of a referee in bankruptcy, the court found in *Thorndal v. Smith, Wild, Beebe & Cades,* 339 F.2d 676, 679 (8th Cir. 1965), in pertinent part as follows:

The fact that the referee did not mark the petition filed at the time it was originally received is of no consequence . . . . [A] person filing an instrument should not be responsible for the failure of a receiving public official to perform his duty.

Had the Legislature intended that orders of the Commission be recorded in the records of the county clerk, the term "recorded" could have been used in the applicable statutes instead of the term "file" or "filing". The word "recorded" appears nowhere in Sections 3–7–15(E) or 3–7–16(A). The duty of a county clerk to record papers is set out in Section 14–8–2, N.M.S.A. 1978 in the following language:

It shall be the duty of the county clerk to record in a book of good size, which he shall keep in his office for this purpose, all land titles and other papers which by law should be recorded.

No specific language in Sections 3–7–15(E) or 3–7–16(A) brings either statute within the requirement of recordation contained in Section 14–8–2. We believe that to read a recordation requirement into the law governing the case at bar indulges in an impermissible inference, never intended by the Legislature. "Record" is defined in *Black's Law Dictionary* 1437 (Rev. 4th ed. 1968) as follows:

To transcribe a document, or enter the history of an act or series of acts, in an official volume, for the purpose of giving

notice of the same, of furnishing authentic evidence, and for preservation.

■ Filing and recording as those terms are known to the law are not synonymous. *Personal Loan & Finance Co. v. Guardian Discount Co.*, 206 Tenn. 221, 332 S.W.2d 504 (1960).

This opinion has dealt with the terms "filing" and "recording" as they relate to constructive notice and furnish unto an interested party constructively, knowledge of the execution of an order by the Commission. But constructive notice of the execution of such an order, though legally binding, is merely a substitute for actual notice thereof. Here actual notice of the execution of the order in question was received by the municipal clerk of the Town of Hurley, appellant herein, on or about December 21, 1978 in an envelope postmarked December 19, 1978. In other situations, it has been held in effect that receipt of a notice by a town or municipal clerk would impute notice to the town or municipality. *Halvorson v. City of Decorah*, 258 Iowa 314, 138 N.W.2d 856 (1965); *Heck v. City of Knoxville*, 249 Iowa 602, 88 N.W.2d 58 (1958); *King v. City of Boston*, 300 Mass. 377, 15 N.E.2d 191 (1938); *Tiggerman v. City of Butte*, 44 Mont. 138, 119 P. 477 (1911).

■■ It is well settled that " '[n]otice of facts which would incite a person of reasonable prudence to an inquiry under similar circumstances is notice of all the facts which a reasonably diligent inquiry would develop.' *Coder v. McPherson* (C.C.A.) 152 F. 951; *In re Gaylord* (D.C.) 225 F. 234, 239." *Essex Nat'l Bank v. Hurley*, 16 F.2d 427, 428 (1st Cir. 1926); *Cloud Oak Flooring Co. v. J. A. Riggs Tractor Co.*, 223 Ark. 447, 266 S.W.2d 284 (1954); *Commonwealth v. Olivo*, 369 Mass. 62, 337 N.E.2d 904 (1975). The Town of Hurley had actual notice through its clerk of the execution of the order by the Commission and of all of the contents of the order on and after December 21, 1978. Within the next thirty days the Town of Hurley should have filed its appeal in district court in order to invoke the jurisdiction of that court to hear and determine the appeal. Whether construc-

tive notice of the order was given on December 21, 1978 by filing a copy of the order with the county clerk or whether constructive notice could not be deemed to have been given until recordation of the order on January 2, 1979, would appear to be immaterial in the face of actual notice of the order to appellant on or about December 21, 1978.

Though never squarely decided in New Mexico insofar as we can discover, generally where there is actual notice, constructive notice is unnecessary. In *Globe Mining Company v. Anderson*, 78 Wyo. 17, 318 P.2d 373, 384 (1957), this issue was discussed as follows:

The law is well established that, where there is actual notice, constructive notice becomes unnecessary.

"* * * generally speaking, constructive or imputed and actual notice have the same effect, and either constructive notice or actual notice is binding independently of the other. * * *"

66 C.J.S. Notice § 19.

"* * * It—constructive notice—is the law's substitute for actual notice, and to say that it and actual notice are equivalents would seem to carry the self-evidence of an axiom. * * *" *Butte & Superior Copper Co. v. Clark-Montana Realty Co.*, 249 U.S. 12, 27, 39 S.Ct. 231, 234, 63 L.Ed. 447.

*Pomeroy v. Sam Thorpe Mining Co.*, 37 Ariz. 541, 296 P. 255 (1931); *First Presbyterian Church of York v. York Depository*, 203 S.C. 410, 27 S.E.2d 573 (1943); *Texas Co. v. Aycock*, 190 Tenn. 16, 227 S.W.2d 41 (1950).

The appeal by petitioner-appellant to the district court was not timely filed, and the district court properly dismissed the appeal for want of jurisdiction. The judgment of the district court dismissing the petition is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FEDERICI, J., concur.