745 P.2d 392

**Randy COLE, Plaintiff–Appellee,**

v.

**J.A. DRAKE WELL SERVICE, Employer, and Zurich–American Insurance Company, Insurer, Defendants–Appellants.**

**No. 10118.**

Court of Appeals of New Mexico.

Oct. 20, 1987.

Ellen M. Kelly, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellants.

Victor A. Titus, Farmington, for plaintiff-appellee.

## OPINION

FRUMAN, Judge.

Defendants appeal a judgment awarding worker's compensation benefits, medical benefits and attorney fees to plaintiff. Defendants raised three issues in their docketing statement. They first assert that plaintiff's claim is barred by the statute of limitations. Our calendar notice proposed summary affirmance as to this issue, and defendants responded with a timely memorandum in opposition. Based upon the following, we affirm the first issue.

Defendants state in their memorandum in opposition that *Owens v. Eddie Lu's Fine Apparel*, 95 N.M. 176, 619 P.2d 852 (Ct.App.1980), controls because it was not explicitly overruled in *ABF Freight System v. Montano*, 99 N.M. 259, 657 P.2d 115 (1982). However, *ABF Freight System* does specifically state, in footnote 1, that the maximum period of time to file a worker's compensation claim is two years and thirty-one days from the date of the

occurrence of the disability. Thus, *ABF Freight System* provides a clear indication that the time periods of NMSA 1978, Sections 52–1–30 and –31(A) are to be added together to compute the maximum time period in which a compensation claim may be filed. This construction is consistent with the liberal interpretation to be given the remedial provisions of the worker's compensation statutes. *See, e.g., Malone v. Swift Fresh Meats Co.,* 91 N.M. 359, 574 P.2d 283 (1978). To the extent that *Owens* is inconsistent with *ABF Freight System,* it has been implicitly overruled by *ABF Freight System.* Although defendants assert that the reference to the time for filing a claim in *ABF Freight System* was a "throwaway" reference, we may not ignore the precedents established by our supreme court. *See State v. Manzanares,* 100 N.M. 621, 674 P.2d 511 (1983).

■ The calendar notice proposed summary reversal of defendants' second issue regarding the award of medical benefits, since it appeared that defendants had provided reasonable medical services and plaintiff had independently incurred the services of Dr. Verstraete. Plaintiff has not filed a memorandum opposing the proposed summary reversal as to this issue, and the time for doing so has expired. Therefore, we reverse as to this second issue and remand it to the trial court for the entry of a judgment consistent with our calendar notice and this opinion.

■ In our summary calendar, we proposed to affirm defendants' third issue regarding the award of attorney fees to plaintiff. In their memorandum in opposition, defendants did not address our proposal except by stating that if we reverse the trial court on the first issue, the award is inappropriate and it, too, should be reversed. Since we are affirming the trial court on the first issue, we now affirm on the third issue as well, based upon the reasons stated in our calendar notice.

Plaintiff is awarded $500.00 for attorney fees on appeal.

IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.