823 P.2d 919

**Rudy CASTILLO, Claimant–Appellant,**

v.

**NORTHWEST TRANSPORT SERVICE and Liberty Mutual Insurance Company, Respondents–Appellees.**

**No. 12911.**

Court of Appeals of New Mexico.

June 20, 1991.

George W. Weeth, Albuquerque, for claimant-appellant.

Paul R. Koller, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for respondents-appellees.

OPINION

APODACA, Judge.

Claimant appeals from the Workers' Compensation Judge's (judge) order determining that his workers' compensation claim for disability benefits was barred by the statute of limitations. Our second calendar notice proposed summary reversal and remand for further findings. Respondents have not filed a memorandum in opposition to our proposed reversal on the issue of the date the claim was filed. We reverse on that issue. Claimant filed a memorandum in opposition to our proposed remand. Not being persuaded by claimant's arguments, we remand for further findings on the question of the timeliness of the claim. Claimant previously filed a motion to strike respondent's response to claimant's docketing statement. We decline to rule on claimant's motion because our decision has rendered the motion moot.

*Facts*

Claimant filed a pro se claim on April 13, 1990 with the clerk's office of the Workers' Compensation Division. He was later informed, however, that the filing was being voided because he already had an attorney representing him in another pending action

before the Workers' Compensation Division. The filing stamp was obliterated and the claim was returned to claimant, after which a claim was filed by claimant's current counsel on April 19, 1990. Claimant's claim filed on April 13 was within two years and thirty-one days of March 16, 1988, the last date claimant should have known that he had a compensable injury. *See* NMSA 1978, § 52–1–31(A) (Repl.Pamp. 1987); *Cole v. J.A. Drake Well Serv.*, 106 N.M. 484, 745 P.2d 392 (Ct.App.1987). The second filing, however, was not within the required time period. *See id.*

*Discussion*

Our calendar notice relied on *State v. Aaron*, 103 N.M. 138, 703 P.2d 915 (Ct.App. 1985), for the proposition that claimant's initial filing should have been considered timely because a basis exists for avoiding the effect of the statute of limitations. In *Aaron*, a criminal defendant's notice of appeal was apparently mailed three days after the filing of the order appealed from, but was not timely filed by the district court clerk. Respondents attempt to distinguish *Aaron*, arguing that the authorities on which that case relied were criminal cases. Additionally, respondents contend that the only basis for tolling the workers' compensation statute of limitations is misrepresentation that an employee will receive benefits. *See Howie v. Stevens*, 102 N.M. 300, 694 P.2d 1365 (Ct.App.1984).

We are unpersuaded by respondents' attempt to distinguish *Aaron*, because we believe that the principles upon which that case was decided equally apply to the case of a civil litigant who has done everything necessary to file a pleading within the allotted time period. Respondents do not contest claimant's assertion that he presented his pro se claim to the clerk's office in the manner and form prescribed by law. *See State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982) (facts in docketing statement are accepted as true unless contested). Nothing more was required to set in motion the authority of the Workers' Compensation Division to resolve his claim. *See Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968); *In re Lewisohn*, 9 N.M. 101, 49 P. 909 (1897)

(party delivering to the clerk a document that should be filed has filed the document).

We should note that, in applying the principles enunciated in *Aaron* to the facts of this appeal, we are not holding that the statute of limitations period is necessarily tolled by the failure of the clerk to perform the ministerial act of accepting claimant's documents and noting the date on which they were received. *Compare Elsea v. Broome Furniture Co.*, 47 N.M. 356, 143 P.2d 572 (1943) (failure to file within time prescribed by the act was excused). Instead, we determine that the claim was effectively filed on April 13, 1990, the date the document was taken to the clerk's office, as opposed to April 19, 1990, when the claim was accepted by the clerk. We conclude that, since the first filing was timely, the claim was not barred by the statute of limitations. *See State v. Aaron; In re Lewisohn.*

Claimant argues that the facts and law demonstrate he was not disabled nor suffering from an impairment before March 13, 1988. The question of whether claimant knew or should have known of an injury entitling him to workers' compensation benefits prior to this date is for the judge to decide based upon his view of the evidence. *See ABF Freight System v. Montano*, 99 N.M. 259, 657 P.2d 115 (1982). This ultimate finding has not yet been made; the findings and conclusions include only evidentiary findings bearing on this question. We will not make the ultimate determination, as the responsibility for weighing evidence and finding facts lies entirely within the province of the judge. *See Hort v. General Electric Co.*, 92 N.M. 359, 588 P.2d 560 (Ct.App.1978).

The judge concluded that the issue of claimant's entitlement to vocational rehabilitation benefits was barred by the statute of limitations. These services are available only for disabled workers. *See* NMSA 1978, § 52–1–50 (Cum.Supp.1990); *Jaramillo v. Consolidated Freightways*, 109 N.M. 712, 790 P.2d 509 (Ct.App.1990). In contrast, an award of medical benefits may properly be made despite the absence of a

finding of disability. *Dimatteo v. County of Dona Ana,* 104 N.M. 599, 725 P.2d 575 (Ct.App.1986). Since a determination of claimant's legal disability will have to await a finding on whether his claim is barred by the statute of limitations, claimant's entitlement to vocational rehabilitation cannot be resolved at this juncture.

*Conclusion*

In summary, we hold that the claim was effectively filed on April 13, 1990. We remand for findings on the earliest date that claimant knew or should have known that he had a compensable injury. The parties may be permitted to brief this issue for the judge. The judge can then decide the question of timeliness of the filing of the claim as well as claimant's entitlement to compensation benefits.

IT IS SO ORDERED.

ALARID, C.J., and BIVINS, J., concur.