2001–NMCA–068

33 P.3d 32

**Cloyd ENNIS, Plaintiff–Appellee,**

v.

**KMART CORPORATION, Defendant–Appellant.**

**No. 20,977.**

Court of Appeals of New Mexico.

June 21, 2001.

Certiorari Denied, No. 27,101, Sept. 6, 2001.

Geoffrey R. Romero, Law Offices of Geoffrey R. Romero, Albuquerque, NM, for Appellee.

Thomas C. Bird, David W. Peterson, Keleher & McLeod, P.A., Albuquerque, NM, for Appellant.

*OPINION*

PICKARD, Judge.

{1} This is a case involving error by a court clerk, neglect by a courier service, the result that a complaint was not file-stamped prior to the expiration of the statute of limitations, and a trial court's practical ruling permitting the case to proceed, which we affirm notwithstanding Defendant's several technical, procedural arguments. Defendant appeals from a judgment, finding it liable for personal injuries sustained by Plaintiff as the result of an accident at Defendant's store and awarding Plaintiff $700,000 for pain and suffering. On appeal, Defendant raises four issues: (1) whether the trial court had the authority to treat Plaintiff's complaint as timely filed when the court clerk refused to accept Plaintiff's original complaint due to an error in the caption and Plaintiff was unable to file a corrected complaint until after the limitations period had expired; (2) whether the trial court erred in denying Defendant's motion to dismiss, given that the complaint showed a filing date that was after the limitations period had expired; (3) if the trial court converted Defendant's motion to dismiss into a motion for summary judgment by considering material outside of the complaint, whether (a) the court erred by failing to give Defendant express notice that it intended to convert the motion and (b) the court committed plain error by considering hearsay evidence included in the affidavit and letter attached to Plaintiff's response; and (4) whether the $700,000 award for pain and suffering is excessive as a matter of law. We affirm the judgment in its entirety.

**BACKGROUND**

{2} This case arises from a slip-and-fall accident at Defendant's store, which resulted in Plaintiff suffering serious injuries to his neck and back, right leg, and right arm. The accident occurred on January 14, 1995. On January 12, 1998, Plaintiff delivered his complaint to a courier service to file in the First Judicial District. Although the body of the complaint correctly pleaded jurisdiction and venue as proper in the First Judicial District, the caption mistakenly identified Quay County. As a result of this error, the court clerk refused to file the complaint. The courier service failed to inform Plaintiff that the complaint had not been filed until January 16, 1998, which was after the statute of limitations period had run. *See* NMSA 1978, § 37–1–8 (1976) (stating that action for per-

sonal injury must be brought within three years). Upon learning of the error, Plaintiff corrected the mistaken county identification and immediately filed the complaint with the clerk. At the same time, Plaintiff's counsel wrote a letter to the court explaining the situation and asking the court to consider the complaint as timely filed.

{3} Defendant filed a motion to dismiss, alleging expiration of the limitations period. In his response to Defendant's motion, Plaintiff again requested that the court treat the complaint as timely filed, either by issuing an order nunc pro tunc or by expanding the limitations period under Rule 1–006 NMRA 2001. Plaintiff attached an affidavit from the courier service owner, as well as the letter Plaintiff's counsel had written to the court. Three weeks after Plaintiff filed his response, the court held a hearing on Defendant's motion. At the hearing, Defendant indicated that it had read Plaintiff's response, the affidavit, and the letter, and that it understood Plaintiff's claim that the clerk had erred in refusing to accept the complaint. Defendant did not challenge the truth of Plaintiff's claim, nor did it challenge the admissibility of the affidavit and letter. Instead, Defendant argued that the clerk's actions were irrelevant because Plaintiff had a duty to submit proper pleadings and because the court lacked the authority to grant the relief requested by Plaintiff. The court denied Defendant's motion to dismiss, but refused to give a reason for its ruling:

> I believe that there was a good faith attempt to comply with the statute of limitations and the motion to dismiss is denied. Here are your documents. It comes under the category of right for any reason....
>
> So I won't articulate a reason why I am denying the motion to dismiss and hopefully you can find a way to make it survive.

{4} At trial, Plaintiff sought damages for pain and suffering only. Plaintiff did not seek compensation for lost wages, because he had continued to work after suffering his injuries. In addition, Plaintiff did not seek damages related to medical costs, because Defendant had paid all medical costs through 1999.

{5} The jury found in favor of Plaintiff and awarded damages for pain and suffering in the amount of $700,000.

## DISCUSSION

### A. Court's Authority to Treat Complaint as Timely Filed

{6} Rule 1–005(E) NMRA 2001 prohibits a court clerk from refusing "to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices." The question of whether Rule 1–005(E) authorizes a court to treat as timely filed a pleading improperly rejected by a court clerk is an issue of first impression in New Mexico. Because the language of the rule mirrors its federal counterpart, Fed. R.Civ.P. 5(e), we find federal authority instructive. See Doe v. Roman Catholic Diocese of Boise, Inc., 121 N.M. 738, 741, 918 P.2d 17, 20 (Ct.App.1996).

{7} The federal courts have consistently interpreted Rule 5(e) to allow this remedy. See McDowell v. Delaware State Police, 88 F.3d 188, 190 (3d Cir.1996); McClellon v. Lone Star Gas Co., 66 F.3d 98, 101 (5th Cir.1995); Dielsi v. Falk, 916 F.Supp. 985, 990 (C.D.Cal.1996). These cases have recognized that Rule 5(e) removes from the clerk any discretion in the decision to accept a technically deficient pleading. See McClellon, 66 F.3d at 101. The advisory committee notes following the 1991 amendment of the federal rules describe this removal of discretion as necessary because the rejection of pleadings for technical violations or insufficiencies is "not a suitable role for the office of the clerk, and ... exposes litigants to the hazards of time bars[.]" Instead, the rule delegates to the trial court the task of evaluating the sufficiency of pleadings, and grants to the trial court the discretion to determine whether to permit a party to correct any defect or to order the pleading stricken if warranted under the circumstances. Id. at 101; see also Fed R. Civ. P. 5(e) advisory committee notes ("The enforcement of [the Federal Rules of Civil Procedure] and of the local rules is a role for a judicial officer."). "Accordingly, the clerk does not possess the power to reject a pleading for lack of conformity with form require-

ments, and a pleading is considered filed when placed in the possession of the clerk of the court." *McClellon*, 66 F.3d at 101.

{8} The federal cases are consistent with New Mexico case law, which recognizes that a document is deemed filed when it is delivered to the court clerk to be kept on file. *See Town of Hurley v. N.M. Mun. Boundary Comm'n*, 94 N.M. 606, 608, 614 P.2d 18, 20 (1980) (" '[T]o file' a paper, on the part of a party, is to place it in the official custody of the clerk."); *Gallagher v. Linwood*, 30 N.M. 211, 217–18, 231 P. 627, 629 (1924). It is not necessary for the clerk to endorse a pleading upon its receipt to effect the filing. *See Town of Hurley*, 94 N.M. at 608, 614 P.2d at 20. " '[A] person filing an instrument should not be responsible for the failure of a receiving public official to perform his duty.' " *Id.* (quoting *Thorndal v. Smith, Wild, Beebe & Cades*, 339 F.2d 676, 679 (8th Cir.1965)).

{9} In *Castillo v. Northwest Transport Service*, 113 N.M. 119, 119–20, 823 P.2d 919, 919–20 (Ct.App.1991), we held that a complaint was timely filed when a court clerk rejected a pro se complaint on the ground that the claimant was represented by counsel in another proceeding. The pro se complaint had been filed within the limitations period, but the second filing, made by the claimant's counsel, was filed six days late. *Id.* Because the first claim was timely filed, and the facts showed that the claimant had done everything necessary to file his pleading within the limitations period, we held that the claim was effectively filed within the limitations period. *Id.* Similarly, in *State v. Aaron*, 103 N.M. 138, 139–40, 703 P.2d 915, 916–17 (Ct.App. 1985), we considered a notice of appeal as timely filed where the defendant mailed the notice within the limitations period but the court clerk delayed filing the notice for another month. We held that these circumstances provided "a basis ... for avoiding the effect of the rules." *Id.* (quoting *State v. Martinez*, 84 N.M. 766, 767, 508 P.2d 36, 37 (Ct.App.1973)).

{10} We hold that, under Rule 1–005(E), a court clerk lacks the discretion to reject pleadings for technical violations and that a pleading will be considered filed when delivered to the clerk. It is then up to the trial court to decide whether to allow a party to correct any deficiencies or to strike the pleadings. Under this rule, Plaintiff's complaint was effectively filed on January 12, 1998, which was within the statute of limitations period.

{11} As a final note, Defendant argues that it would be improper for us to rely on Rule 1–005(E), because neither the trial court nor Plaintiff identified the rule as the basis for the trial court's denial of Defendant's motion to dismiss. However, a decision by a trial court will be upheld if it is right for any reason, *see Westland Dev. Co. v. Romero*, 117 N.M. 292, 293, 871 P.2d 388, 389 (Ct.App.1994), as long as it is fair to the parties to do so, *see Eldin v. Farmers Alliance Mut. Ins. Co.*, 119 N.M. 370, 376, 890 P.2d 823, 829 (Ct.App.1994). Under the circumstances of this case, we conclude that it would not be unfair to Defendant to affirm the trial court's denial of its motion based on Rule 1–005(E).

{12} In his letter to the court and at the hearing on Defendant's motion to dismiss, Plaintiff asked the court to acknowledge the complaint as filed in open court on the date the document was originally submitted to the clerk's office. In addition, at the hearing, Plaintiff argued that the clerk had acted unlawfully in rejecting the complaint. Although Plaintiff did not explicitly mention Rule 1–005(E), his argument before the court was substantially similar to the rule: namely, that (1) the clerk lacked the authority to reject the complaint for a technical violation of the rules of procedure and (2) the trial court had the authority to correct the clerk's error by treating the complaint as filed on the date it was originally presented to the clerk. For this reason, both Plaintiff and Defendant had the opportunity to develop facts relevant to application of the Rule 1–005(E), and Defendant has failed to indicate how it would have changed its presentation before the trial court had it known that Rule 1–005(E) was applicable.

**B. Defendant's Motion to Dismiss**

{13} Defendant complains that it is unclear whether the trial court considered

Plaintiff's affidavit and letter in denying Defendant's motion. Based on this confusion, Defendant asserts that we should treat the motion as a motion to dismiss and consider only the pleadings in reviewing the trial court's actions. After reviewing the transcript of the hearing on Defendant's motion to dismiss, we are confident that the trial court did rely on material outside of the pleadings.

{14} Prior to delivering its ruling, the court discussed at length the facts alleged in the affidavit and letter. In addition, the court based its decision to deny the motion on its conclusion that Plaintiff had made a good faith effort to file his complaint within the limitations period. This conclusion could only be reached by considering the affidavit and letter. For this reason, we conclude that the trial court converted Defendant's motion to dismiss into a motion for summary judgment, and will review the decision under the standard of review for summary judgment. *See Knippel v. N. Communications, Inc.,* 97 N.M. 401, 402, 640 P.2d 507, 508 (Ct.App. 1982).

## C. Motion for Summary Judgment

{15} In challenging the trial court's conversion of its motion to dismiss into a motion for summary judgment, Defendant raises two arguments: (1) the trial court could not convert the motion without formal notice to the parties and (2) the trial court committed plain error by considering hearsay statements included in the affidavit and letter attached to Plaintiff's response. We will discuss each argument in turn.

### 1. *Conversion from Motion to Dismiss to Motion for Summary Judgment*

{16} Rule 1–012(B) NMRA 2001 provides: If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 1–056, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 1–056.

Under Rule 1–056(D)(1) NMRA 2001, motions for summary judgment must be filed "within a reasonable time prior to the date of trial to allow sufficient time for the opposing party to file a response and affidavits, depositions or other documentary evidence and to permit the court reasonable time to dispose of the motion." The opposing party must respond within 15 days after service of the motion. Rule 1–056(D)(2). Rule 1–056 differs substantially from the federal rule insofar as the federal rule requires the moving party to file its motion at least ten days prior to the hearing, and allows the opposing party to serve affidavits at any time prior to the day of the hearing. Fed.R.Civ.P. 56.

{17} Citing federal law, Defendant asks us to adopt a bright line rule that a trial court must give the parties express notice of its intent to convert a Rule 1–012(B)(6) motion to dismiss into a Rule 1–056 motion for summary judgment. Plaintiff counters that Defendant waived any right it had to notice of the conversion. It is unnecessary for us to consider whether Defendant waived the notice requirement because we reject Defendant's invitation to adopt the federal rule requiring express notice of intent to convert, and we hold that Defendant received adequate notice under the circumstances of this case.

{18} Although all federal courts require that the parties have at least constructive notice of a trial court's intention to convert under Fed.R.Civ.P. 12(b)(6) a motion to dismiss into a motion for summary judgment, the circuits vary as to whether express notice is required and, if it is required, how strictly this requirement is enforced. *See generally Jones v. Auto. Ins. Co. of Hartford,* 917 F.2d 1528, 1533 n. 5 (11th Cir.1990) (noting that 11th circuit applies notice requirement more strictly than other courts and listing cases demonstrating the various approaches). The majority of federal courts do not require express notice in all cases, but look to the facts and circumstances of each case to determine whether " 'the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise' " and deprived of a reasonable oppor-

tunity to respond. *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052–53 (2d Cir. 1995) (quoting *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir.1985)); *see also Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 204 (6th Cir.1998); *Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir.1990); *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1532–33 (9th Cir.1985). Some circuits have held that when a party is aware that material outside of the pleadings is before the court, the party is on notice that the motion to dismiss may be treated as a motion for summary judgment. *See David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir.1996); *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir.1985).

{19} Even those circuits that strictly enforce the ten-day express notice rule recognize that the parties may waive the notice requirement and that failure to give notice is subject to harmless error review. *See, e.g., Jones*, 917 F.2d at 1532 n. 4; *Marine Coatings of Ala., Inc. v. United States*, 792 F.2d 1565, 1568 (11th Cir.1986) (recognizing that "when the parties are aware of the court's intent to consider matters outside the record and have presented all the materials and arguments they would have if proper notice had been given, failure to notify may be harmless error"); *see also Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992).

{20} We are not persuaded by the cases cited by Defendant in its brief. In *Brown v. Zavaras*, 63 F.3d 967, 969–70 (10th Cir.1995), the court refused to review a grant of summary judgment against a pro se plaintiff because the trial court failed to notify the plaintiff that it intended to treat the motion to dismiss as a motion for summary judgment, and there was no indication that the plaintiff had an opportunity to introduce evidence supporting his position. Most circuits apply the notice requirement more strictly when a party appears pro se than when a party is represented by counsel. *See, e.g., Corcoran v. N.Y. Power Auth.*, 935 F.Supp. 376, 383 (S.D.N.Y.1996). In the case at bar, Defendant was represented by counsel throughout the proceedings. In addition, since *Brown* was decided, the Tenth Circuit has held that the notice required under the rules may be actual or constructive, and that

the submission of evidentiary materials by the movant, the non-movant, or both may be sufficient notice. *David*, 101 F.3d at 1352. We are equally unpersuaded by Defendant's citation to *Travel All Over the World, Inc. v. Saudi Arabia*, 73 F.3d 1423 (7th Cir.1996). In *Travel All Over the World, Inc.*, the court did not address whether the rules required express notice prior to conversion because it concluded that the trial court had treated the motion as a motion to dismiss. *Id.* at 1430. We note that the Seventh Circuit has expressly declined to adopt the bright line rule. *Bohac v. West*, 85 F.3d 306, 312 (7th Cir. 1996).

{21} Consistent with the majority approach, New Mexico cases require only that the opposing party have an opportunity to respond to the introduction of material outside of the pleadings, and that the requirements of Rule 1–056 are met. *Compare Santistevan v. Centinel Bank of Taos*, 96 N.M. 730, 732, 634 P.2d 1282, 1284 (1981) *and Aldridge v. Mims*, 118 N.M. 661, 664, 884 P.2d 817, 820 (Ct.App.1994) ("When the opposing party has reasonable notice of the issues underlying a summary judgment, together with the opportunity to be heard, and makes no specific allegation of prejudice at that time, summary judgment is an appropriate procedure."), *with Moody v. Town of Weymouth*, 805 F.2d 30, 31–32 (1st Cir.1986) ("Because plaintiff has not shown that he would have done something different had the district court taken him by the hand and told him defendants' motion had been converted …, we conclude plaintiff has not demonstrated prejudice and that therefore there would be no point in remanding."). We agree with the majority of the federal circuits that the notice requirement for "conversion of a Rule 12(b)(6) motion into one for summary judgment is governed by principles of substance rather than form." *In re G. & A. Books, Inc.*, 770 F.2d at 295.

{22} After reviewing the facts and circumstances of the case at bar, we conclude that Defendant had adequate notice of the trial court's intention to consider the affidavit and letter. Plaintiff served his response at least three weeks prior to the hearing, and defense counsel expressed an understanding that

Plaintiff would be relying on these documents to defeat the motion to dismiss. Most importantly, however, Defendant has not contested Plaintiff's assertion that he presented his original complaint to the clerk's office within the limitations period. As such, Defendant has failed to show how it was prejudiced or what it would have done differently had the trial court taken Defendant by the hand and told it that its motion had been converted. *See Aldridge,* 118 N.M. at 664, 884 P.2d at 820; *Moody,* 805 F.2d at 31–32. Defendant's assertion that it would have challenged the admissibility of the affidavit and letter is without merit for the reasons discussed later in this opinion.

### 2. Plain Error

■ {23} Defendant concedes that it failed to object to the admission of the affidavit or the letter attached to Plaintiff's response to Defendant's motion to dismiss. Nonetheless, Defendant argues that the trial court's consideration of the hearsay statements included in this material rise to the level of plain error. In particular, Defendant alleges that the trial court could not have reached its conclusion that Plaintiff's complaint was timely filed without considering the courier's statement that the clerk refused to accept the complaint because of the technical violation. We disagree.

■ {24} Generally, a party may not claim error predicated upon the admission of evidence unless the record shows a timely and specific objection. *State v. Paiz,* 1999–NMCA–104, ¶¶ 26, 28, 127 N.M. 776, 987 P.2d 1163. Rule 11–103(D) NMRA 2001 provides an exception to the preservation requirement where an error is plain and affects substantial rights. *See id.* ¶ 26. Defendant argues that its substantial right to enforcement of the limitations period was violated insofar as the court could not have reached its decision without considering the hearsay statements. We are not persuaded.

{25} Without reference to the challenged hearsay evidence, we conclude that the affidavit and letter contain sufficient admissible evidence to sustain the court's denial of Defendant's motion. The admissible evidence established the following: Plaintiff's attorney gave the complaint to the courier company on January 12, 1998, with instructions to file the complaint with the First Judicial District clerk's office. On January 16, 1998, the courier notified Plaintiff's attorney that the complaint had not been filed. The caption on the unfiled complaint incorrectly identified Quay County as the court of jurisdiction, although the body of the complaint set forth jurisdiction and venue as proper in the First Judicial District. Plaintiff's attorney corrected the error in the caption, and the complaint was accepted for filing on January 16, 1998. Given these facts, the trial court was entitled to infer that the complaint had been rejected due to the error in the caption.

{26} In addition, we note that had Defendant timely objected, Plaintiff would have had an opportunity to call the courier and the clerk as witnesses or to submit additional affidavits in support of his position. We do not believe that the court's possible consideration of the hearsay contained in the letter raises a serious doubt as to the validity of the trial court's decision, and we will not correct an error if to do so would not change the result. *See In re Estate of Heeter,* 113 N.M. 691, 695, 831 P.2d 990, 994 (Ct.App.1992).

### D. Reasonableness of Damages

■ {27} Defendant argues that the trial court erred in denying its motion for a remittitur because the jury's award of $700,000 for pain and suffering was excessive and not supported by substantial evidence. In determining whether a jury verdict is excessive, we do not reweigh the evidence but determine whether the verdict is excessive as a matter of law. *Coates v. Wal-Mart Stores, Inc.,* 1999–NMSC–013, ¶ 49, 127 N.M. 47, 976 P.2d 999. The jury's verdict is presumed to be correct. *Allsup's Convenience Stores, Inc. v. N. River Ins. Co.,* 1999–NMSC–006, ¶ 16, 127 N.M. 1, 976 P.2d 1. When a trial court denies a motion for a remittitur, we defer to the trial court's judgment. *See Sandoval v. Chrysler Corp.,* 1998–NMCA–085, ¶ 14, 125 N.M. 292, 960 P.2d 834. " 'When the jury makes a determination and the trial court approves, the amount awarded in dollars stands in the strongest position known in the law.' " *Id.* (quoting

**40**

*Grammer v. Kohlhaas Tank & Equip. Co.,* 93 N.M. 685, 695, 604 P.2d 823, 833 (Ct.App. 1979)). Defendant bears the burden of showing that the verdict was infected with " 'passion, prejudice, partiality, sympathy, undue influence, or some corrupt cause or motive.' " *Coates,* 1999–NMSC–013, ¶ 51, 127 N.M. 47, 976 P.2d 999 (quoting *Allsup's,* 1999–NMSC–006, ¶ 19, 127 N.M. 1, 976 P.2d 1). We conclude that Defendant has failed to meet this burden.

{28} At trial, although Plaintiff did not present evidence relating to the amount of medical expenses because Defendant had already paid these expenses, Plaintiff did present evidence that his injuries were significant and that, as a result of these injuries, he had suffered pain from the time of his fall until the time of trial and would continue to suffer pain for the rest of his life. In addition, Plaintiff testified that his injuries limited his activities.

{29} As a result of his injuries, Plaintiff underwent two surgeries: arthroscopic surgery on his right knee, and a cervical fusion to reduce pain in his neck, upper back, and shoulders. Plaintiff also participated in extensive physical therapy. Despite the efforts of Plaintiff and the three doctors who primarily treated his injuries, Plaintiff has trouble standing for more than 40 minutes and has difficulty walking, experiences a constant dull throbbing pain in his elbow that escalates to a sharp pain when he bends his arm, lacks a full range of motion in his neck, and experiences pain in his shoulders and arms when he lifts heavy objects or when the weather changes. The jury was instructed that, based on actuarial tables, Plaintiff's life expectancy is 34.88 more years. We hold that this is substantial evidence to support the verdict. *See Allsup's,* 1999–NMSC–006, ¶ 20, 127 N.M. 1, 976 P.2d 1 (holding that jury's award of damages supported by substantial evidence).

## CONCLUSION

{30} For the foregoing reasons, we affirm the district court's denial of Defendant's mo-

tion to dismiss and the jury's verdict of $700,000 for pain and suffering.

{31} **IT IS SO ORDERED.**

WE CONCUR: RICHARD C. BOSSON, Chief Judge, CYNTHIA A. FRY, Judge.