This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                 **No. 32,010**

**LAZARO MOLINA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DONA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Russell Dean Clark, LLC
Russell Dean Clark
Las Cruces, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Lazaro Molina appeals from his convictions for fraud (over $20,000) and Medicaid fraud (false/excessive claims). [RP 373] We issued a calendar notice proposing to summarily affirm. Defendant filed a motion to amend the docketing statement and memorandum in opposition to proposed summary affirmance. We deny Defendant's motion to amend and affirm Defendant's convictions.

**A.     Memorandum in Opposition**

In his docketing statement, Defendant argued his convictions should be reversed because: (1) the district court erred in admitting into evidence two exhibits pursuant to the business records exception to the hearsay rule, (2) there was insufficient evidence to support his convictions, and (3) the count alleging Medicaid fraud (false/excessive claims) should have been dismissed on double jeopardy grounds. Our calendar notice proposed to affirm on all three issues.

In his memorandum in opposition, Defendant does not contest our proposed affirmance on sufficiency of the evidence or double jeopardy grounds. By not contesting our proposed disposition, Defendant has abandoned these issues. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition, are abandoned).

In his memorandum in opposition, Defendant continues to argue that the district court erred in admitting into evidence two exhibits pursuant to the business records exception to the hearsay rule. [MIO 8] As described by Defendant, these exhibits were collections of purported ledgers and checks that the State claimed showed how Defendant and Arcilia Holguin divided funds received as a result of alleged improper billing. [MIO 5] In our calendar notice, we proposed to conclude that the district court did not abuse its discretion in admitting the challenged exhibits, noting we have broadly interpreted the "other qualified witness" language contained in Rule 11-803(F) NMRA (2007) (amended 2012). Even if the district court abused its discretion in admitting the exhibits, we proposed to affirm on the grounds that any error was harmless under *State v. Tollardo*, 2012-NMSC-008, ¶¶ 25-44, 275 P.3d 110. We explained that on the record before us we did not perceive a reasonable probability that the admission of the challenged exhibits affected the verdict.

In his memorandum in opposition, Defendant maintains the district court erred in admitting the exhibits because the testifying witness, Santiago Baca, was not an "other qualified witness" within the meaning of Rule 11-803(F). [MIO 12-13] Defendant does not, however, address our proposed affirmance on harmless error grounds. We have carefully reviewed the record and continue to believe that even if the district court abused its discretion in admitting the exhibits, the error was harmless.

3

There is no indication that Defendant disputed that he received funds from the alleged improper billing; instead, he disputed his role and argued he should not be held responsible for any improper billing. [MIO 4-5] In addition, as discussed in the calendar notice, Defendant was able to question Baca in such a way as to challenge the weight the jury should afford to the exhibits. On cross-examination, Baca testified that he did not know who prepared the exhibits and did not know whether the exhibits were accurate. [DS 10] In considering whether an error with respect to the admission of evidence was harmless, "the central inquiry [is] whether [the] error was likely to have affected the jury's verdict." *Tollardo*, 2012-NMSC-008, ¶ 42. Here, for the reasons discussed earlier and as explained in detail in our calendar notice, we conclude that any error was harmless and thus affirm Defendant's convictions.

**B.      Motion to Amend the Docketing Statement**

Defendant seeks to amend the docketing statement to argue the district court erred in admitting two exhibits into evidence because they were not related to the State's case and therefore were misleading and confusing in violation of Rule 11-403 NMRA. [MIO 7] This issue involves the same two exhibits already discussed, a collection of purported ledgers and checks that arguably showed that Defendant shared in certain payments received as a result of alleged improper billing. [MIO 13]

4

We will grant a motion to amend the docketing statement to include an additional issue if the motion (1) is timely, (2) states all facts material to a consideration of the new issue sought to be raised, (3) explains how the issue was properly preserved or why it may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issue was not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 100 N.M. 193, 197, 668 P.2d 309, 313 (Ct. App. 1983). We will deny a motion to amend that raises an issue that is not viable. *State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

As an initial matter, there is no indication that the issue Defendant seeks to add was preserved for our review. In both the docketing statement and the memorandum in opposition, Defendant states that he objected to the introduction of the challenged exhibits for "lack of foundation." [DS 9; MIO 5] Defendant now seeks to argue that the exhibits should have been excluded as misleading and confusing. "Generally, a party may not claim error predicated upon the admission of evidence unless the record shows a timely and specific objection." *Ennis v. Kmart Corp.*, 2001-NMCA-068, ¶ 24, 131 N.M. 32, 33 P.3d 32. An exception exists where an error is plain and affects

substantial rights, but Defendant does not contend that the admission of the exhibits constituted plain error. *See id.*

Turning to the merits, Defendant does not contend there was a reasonable probability that the admission of the challenged exhibits affected the verdict. Thus, as discussed earlier, any error was harmless. *See State v. Barr*, 2009-NMSC-024, ¶ 53, 146 N.M. 301, 210 P.3d 198 ("[A] non-constitutional error is harmless when there is no reasonable *probability* the error affected the verdict."), *overruled on other grounds by Tollardo*, 2012-NMSC-008. This proposition is true regardless of whether the exhibits were wrongfully admitted for lack of foundation or wrongfully admitted as misleading and confusing.

Because Defendant does not adequately explain how the issue he seeks to add was preserved in the district court and because, putting preservation aside, the issue is not viable, we deny Defendant's motion to amend the docketing statement. For the reasons discussed in this Opinion and in our calendar notice, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**


_____
**J. MILES HANISEE, Judge**