816 P.2d 1105

**LONE BUTTE CORPORATION, Thomas MacDonnell, et. al., Henry McKinley, et. al., William Bennett, et. al., and Glen Hughes Trust, et. al., Plaintiffs–Appellants,**

v.

**STATE of New Mexico, HIGHWAY DEPARTMENT, et. al., Defendants–Appellees.**

No. 19724.

Supreme Court of New Mexico.

Aug. 20, 1991.

Rehearing Denied Sept. 13, 1991.

Richard V. Gose, Las Cruces, for plaintiffs-appellants.

Kendall Fischer, Santa Fe, for defendant-appellee Highway Dept.

Charles G. Berry, Albuquerque, for defendant-appellee Stewart Title.

Susan Schaefer McDevitt, Santa Fe, for defendant-appellee Dillenschneider.

James V. Noble, Jr., Santa Fe, for defendants-appellees Dobsons and Stotts.

OPINION

SOSA, Chief Justice.

Plaintiffs-appellants, four groups of land owners in Santa Fe County, appeal summary judgment in favor of Defendants-appellees, who are collectively the New Mexico Highway and Transportation Department (the Department), various prede-

cessors in title to the property now owned by appellants, and various title insurance companies who issued policies of title insurance on the property. For purposes of this appeal, we refer to appellees as "the Department." The nature of the action below was inverse condemnation. Appellants had alleged that the Department, in undertaking a 1989 widening of State Highway 14 in Santa Fe County, unlawfully took twenty-five feet of their property without making compensation for it.

In 1937, the Department acquired rights to the property for initial construction of the highway by way of grants of easements, or in one case by a grant in fee simple. By such grants the Department acquired a strip of land one-hundred and fifty feet wide extending through the length of the collective property later acquired by appellants. In 1937, the Department used only fifty feet on both sides from the center of the one-hundred fifty foot strip in its construction of the highway. After finishing the highway, the Department fenced off its boundary on the property later acquired by appellants, but only to a width of fifty feet from the center of the highway, instead of to a width of seventy-five feet, because the Department did not need the extra twenty-five feet in 1937.

When appellants acquired the property they thought the Department's claimed interest in their land ended at the fence line, that is, at a distance of fifty feet, from the center of the highway. In 1989, when the Department began widening the highway, it sought to use the other twenty-five feet of land which it claimed to have acquired in 1937. Appellants' respective title searches at various times prior to 1989 had not turned up the Department's claim to the other twenty-five feet. Instead the grants were filed, but not recorded, with the county clerk under a provision of New Mexico law set forth in NMSA 1978, Section 14–9–7, which provides, in pertinent part:

> The state * * * may file the original instruments affecting such real estate with the county clerk and ex officio recorder in the county where the property is situated, and such filings shall be prop-

erly indexed by the county clerk and ex officio recorder in the county, and such filings shall have the full legal effect of recording and be legal notice of the rights of the public entities * * * in and to said rights-of-way, easements or other interests conveyed or granted by the instruments affecting the real estate.

NMSA 1978, § 14–9–7(B) (Repl.Pamp.1988).

Appellants contend that because the county clerk did not enter in the index book and page numbers for the filings or otherwise record the grants as the clerk does for real estate transactions where the recording party is someone other than the state, appellants had no notice, constructive or actual, of the Department's claimed interest in the additional twenty-five feet of land. Appellants point to the form of index displayed in NMSA 1978, Section 14–10–3 (Repl.Pamp.1988) and note that no book or page numbers were filled in by the clerk for the filings in question. Thus, appellants contend, there would be nothing to alert a title searcher to look somewhere else than in the books of record which contain copies of documents by which real estate is conveyed in New Mexico.

The Department has introduced uncontroverted evidence showing that in 1937 it filed each grant with the county clerk, that the clerk entered each filing in the County Clerk's Reception Book and then indexed each grant alphabetically in the Direct and Indirect Indexes. In making the latter indexing, the clerk wrote in the name of the grantor and grantee for each grant, as well as the date the grants were received, the date of each instrument, the kind of instrument and a legal description of the property. The Department contends that the clerk sufficiently indexed the grants for a title searcher to become aware of them in a routine title search. Further, the Department contends that if the clerk had entered a book and page number on the index and recorded the grants, the purpose of Section 14–9–7 would have been defeated. The Department alleges the purpose was to save the state and its entities money in paying recording fees. The Department argues that if this system is invalidated

now, thousands of state land condemnation proceedings in New Mexico would likewise be invalidated.

The sole issue on appeal is whether the clerk should have entered a book and page number on the index and recorded the grants as the clerk ordinarily would have recorded them had the grantee or filer not been the state. Because the issue is framed in this way, we have no recourse but to affirm the grant of summary judgment. The issue is presented as one of statutory construction. The statute clearly provides that the state or its entities "may *file* the original instruments" and that "such *filings* shall have the full legal effect of *recording*." NMSA 1978, § 14-9-7(B) (emphasis added). Both the Department and the county clerk satisfied the requirements of the statute. More was not required of them. *See Town of Hurley v. New Mexico Mun. Boundary Comm'n*, 94 N.M. 606, 614 P.2d 18 (1980) (difference between "filing" and "recording").

We sympathize with appellants' plight. In purchasing their lands, they justifiably relied on title searches that assured them that the highway department could encroach no further on the frontage to their property than the fence line. The constitutional issue is not before us. We are thus constrained to perform the only role allowed us in this case, and that is to construe the statute in accordance with the legislature's intention. Having done so, we conclude that the grants to the Department were properly filed with the full legal effect of a recording. Accordingly, summary judgment is affirmed in its entirety.

IT IS SO ORDERED.

RANSOM and FRANCHINI, JJ., concur.