**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-002**

**Filing Date:  November 16, 2011**

**Docket No. 30,323**

**MONICA MEZA,**

    **Plaintiff-Appellant,**

**v.**

**MARGARITA TOPALOVSKI, M.D.,**

    **Defendant-Appellee,**

**and**

**ROBERT L. LOPEZ, M.D.,**

    **Defendant.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Jerald A. Valentine, District Judge**

Monica Meza
Las Cruces, NM

Pro Se Appellant

Allen, Shepherd, Lewis, Syra & Chapman, P.A.
Ben M. Allen
J. Adam Tate
Albuquerque, NM

for Appellee

**OPINION**

**VANZI, Judge.**

**{1}** Plaintiff Monica Meza appeals the district court's grant of summary judgment in favor of Defendant Margarita Topalovski, M.D. (Dr. Topalovski). This case raises an issue of first impression as to whether a plaintiff who wrongly names a health care provider in an application to the New Mexico Medical Review Commission (MRC) is then allowed to use the MRC's own rules to amend her complaint and rely on the original filing date for purposes of applying the tolling period to a substitute health care provider. We conclude that filing an application with the MRC as to one provider cannot toll the limitations period as to another provider who was not named in the original application and for whom the statutory period in which to file a cause of action has passed. We affirm the district court's ruling in favor of Dr. Topalovski.

**BACKGROUND**

**{2}** The relevant facts of this case are not in dispute. After an ultrasound revealed a spot on her left kidney, Meza's surgeon recommended surgery to remove the growth. Meza agreed to the surgery and, on December 12, 2005, the surgeon removed the mass of tissue from Meza's kidney and sent it to Dr. Topalovski for a "frozen section" evaluation. Dr. Topalovski diagnosed the tissue specimen as cancerous and, based upon that information, Meza's entire left kidney was removed. Several weeks later, on February 27, 2006, Meza's treating physician informed Meza that the section taken from her kidney was benign.

**{3}** Meza filed an application for review with the MRC on December 11, 2008, alleging a malpractice claim against Robert L. Lopez, M.D. That application did not allege a malpractice claim against Dr. Topalovski. On March 23, 2009, Meza filed a "modified" or "amended" application for review with the MRC alleging a malpractice claim against Dr. Topalovski. The MRC issued its final decision on July 28, 2009. Meza filed her complaint against Dr. Topalovski in district court shortly thereafter.

**{4}** Dr. Topalovski moved for summary judgment on the ground that Meza's claim was barred by the three-year statute of repose set forth in the New Mexico Medical Malpractice Act (MMA), NMSA 1978, Sections 41-5-1 to -29 (1976, as amended through 2008). The district court granted the motion, and Meza timely appealed.

**DISCUSSION**

**{5}** Meza raises two issues on appeal: (1) whether her initial application to the MRC against Dr. Lopez tolled the statute of limitations for purposes of adding a claim against Dr. Topalovski where the amended application adding Dr. Topalovski was filed more than three years after the date of the alleged malpractice, and (2) whether the claim against Dr. Topalovski should have been tolled based upon a discovery-based accrual date. Dr. Topalovski argues that the district court properly granted summary judgment on the ground that Meza's claim is barred by the MMA's three-year statute of repose. We begin with the appropriate standard of review and then address Meza's arguments.

**Standard of Review**

**{6}** "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "However, if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review and are not required to view the appeal in the light most favorable to the party opposing summary judgment." *Id.*

**{7}** In response to the motion for summary judgment, Meza adopted virtually all of Dr. Topalovski's undisputed facts and did not offer any facts of her own. Among other things, Meza agreed that the alleged act of malpractice occurred on December 12, 2005. Meza disagreed only with Dr. Topalovski's characterization of her March 23, 2009 application as a "second application for review," contending instead that it was an "[a]mended [a]pplication to the original [a]pplication." Because the disputed portrayal of the March 23, 2009 application does not affect our analysis in this case, we review the legal question presented de novo. *See id.*

**The Original Filing Date in an Application to the MRC Does Not Toll the Statute of Limitations for an Untimely Application Against a Previously Unnamed Health Care Provider**

**{8}** Section 41-5-22 of the MMA states that "[t]he running of the applicable limitation period in a malpractice claim shall be tolled upon submission of the case for the consideration of the [MRC] and shall not commence to run again until thirty days after the [MRC]'s final decision is entered in the permanent files of the [MRC] and a copy is served upon the claimant and [her] attorney by certified mail." Meza interprets this statutory provision to mean that Section 41-5-22 may be utilized to toll the statute of limitations for a previously unnamed health care provider for whom the limitations period has otherwise expired. As authority for her position, Meza relies on the MRC's policies and procedures (the rules) that allow an applicant to add or delete parties upon proper notification to the MRC. Although we agree that the rules set forth procedures for correcting an inadequate application, we are not persuaded that they may be used to circumvent the strict limitations period of Section 41-5-13.

**{9}** Before turning to Section 41-5-22, we must first discuss the MMA's statute of repose, Section 41-5-13. Section 41-5-13 requires an action for medical negligence to be filed with the MRC "within three years after the date that the act of malpractice occurred." The language of the statute is clear. No claim may be brought unless it is filed within this statutorily prescribed period. Once a claim is filed, however, the limitation period may be

3

tolled "upon submission of the case" to the MRC. Section 41-5-22. In reading the statute of limitations provision of Section 41-5-13 in conjunction with Section 41-5-22, it is clear that the Legislature intended that all claims against a health care provider must be timely filed before a claimant can avail herself of the MMA's tolling provision.

**{10}** This conclusion is further supported by the historical purpose of the statute. The MMA was enacted by the Legislature in an attempt to manage a perceived medical malpractice insurance crisis in New Mexico. *Roberts v. Sw. Cmty. Health Servs.*, 114 N.M. 248, 249-51, 837 P.2d 442, 443-45 (1992); *see Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶ 40, 121 N.M. 821, 918 P.2d 1321 ("New Mexico reformed its medical malpractice laws in 1976 in response to a much discussed medical malpractice crisis."). The Legislature's solution for preserving the ability of health care providers in New Mexico to maintain medical malpractice insurance "was to preclude almost all malpractice claims from being brought more than three years after the act of malpractice." *Cummings*, 1996-NMSC-035, ¶ 40. Thus, the running of the statute of limitations creates a substantive right for a provider to be free of liability after a specified period of time. Given the policies underlying the enactment of the statute, we believe it would contravene the mandatory language of Section 41-5-13 and would be inconsistent with the purposes of the MMA to allow Meza to utilize the tolling provision of Section 41-5-22 to assert a timely claim against Dr. Topalovski when the three-year statute of limitations had already expired.

**{11}** Meza argues that because the MRC's rules allow a claimant to add or delete parties, the statute of limitations is tolled under Section 41-5-22 regardless of Section 41-5-13's three-year filing requirement. We disagree, and for the reasons discussed above, we conclude that such corrections are allowed only if they are consistent with all of the provisions of the MMA, including the three-year limitations period. In this case, Meza filed an application alleging a malpractice claim against Dr. Lopez on December 11, 2008. That was the case she submitted to the MRC for consideration and which was subject to the tolling provision of Section 41-5-22. Although the MRC's rules allowed the addition of Dr. Topalovski as a party to the claim against Dr. Lopez, Meza nevertheless had to comply with the strict limitations period set forth in Section 41-5-13. She did not. Instead, Meza submitted her amended application against Dr. Topalovski on March 23, 2009. At that point, the applicable limitations period to bring an action for medical malpractice against Dr. Topalovski had passed. Consistent with the MRC's acknowledgment that the MMA "is the pertinent statute that governs all matters before the [MRC,]" we conclude that Meza cannot utilize her timely claim against Dr. Lopez to toll her time-barred application against Dr. Topalovski.

**{12}** Meza urges this Court to apply Rule 1-015(C) NMRA principles to her amended application to the MRC. Applying these principles would allow Meza's amended application adding Dr. Topalovski as a party to timely relate back to the December 11, 2008 application against Dr. Lopez. As we have noted above, the tolling provision of Section 41-5-22 was not intended to give a claimant additional time beyond the statutorily prescribed period within which to formulate causes of action against a previously unnamed health care

4

provider. It follows then that an amended application, improperly amended, will not relate back to the original time of filing, and an amended application adding a new party must be regarded as the initiation of a new action with regard to analysis pursuant to the statute of limitations. Because the underlying claim against Dr. Topalovski was filed outside the applicable time period, we hold that it cannot relate back to the filing of the application against Dr. Lopez.

**{13}** Meza appears to contend that Dr. Lopez fraudulently failed to disclose Dr. Topalovski's role in this matter and that she did not name Dr. Topalovski in her original application to the MRC because she had no way of learning of that doctor's involvement until the hearing before the MRC was underway. As authority for this proposition, Meza cites *Keithley v. St. Joseph's Hospital*, 102 N.M. 565, 698 P.2d 435 (Ct. App. 1984). We are not persuaded that our holding in *Keithley* is applicable to the facts of this case.

**{14}** In *Keithley*, this Court held that "the statute of limitations may be tolled where a physician has knowledge of facts relating to medical malpractice and fails to disclose such facts to the patient under circumstances where the patient may not be reasonably expected to learn of the improper acts." *Id.* at 569, 698 P.2d at 439. The case before us is distinguishable insofar as Meza did not claim, as did the plaintiff in *Keithley*, that the hospital concealed information about the patient's improper medical treatment until the statute of limitations had tolled. *See id.*

**{15}** Moreover, contrary to our holding in *Keithley*, Meza has not established that "she did not have the means to discover the fraud." *See id.* at 570, 698 P.2d at 440 ("A plaintiff who alleges that the statute has been tolled by fraud, either active or passive, must establish that she did not have the means to discover the fraud."). Although Meza's counsel stated at the hearing on Dr. Topalovski's motion for summary judgment that it had been "a real struggle on the part of the client and the attorney to determine who, in fact, were the proper parties," Meza did not claim or show below, nor does she claim on appeal, that she could not, through reasonable diligence, have discovered the fraud. *See id.* (explaining that in order to toll the statute of limitations, "it must appear that the fraud not only was not discovered, but could not have been discovered with reasonable diligence" (emphasis omitted) (internal quotation marks and citation omitted)). Therefore, our holding in *Keithley* does not apply to the facts of this case.

**{16}** We briefly address Meza's argument that Dr. Topalovski waived her statute of repose defense because she did not raise the defense in her answer to Meza's application to the MRC or at the hearing. Dr. Topalovski does not dispute that she did not include a statute of repose defense in her answer to Meza's application or at the hearing. However, she contends that she was not required to do so, and we agree. The MRC's rules explicitly provide that although counsel is encouraged to provide a meaningful response to the application, "a recitation of affirmative defenses is not required by the [MRC.]" Because she was not required to raise the three-year statute of repose issue before the MRC, Dr. Topalovski did not waive this defense.

5

**{17}**     We are aware of the reality that the alleged misdiagnosis in this case resulted in the unnecessary and complete removal of Meza's left kidney.  But we are constrained by the time limits imposed by the Legislature on the commencement of actions for medical malpractice, and we are not at liberty to create an exception to the plain language of that statutory provision.  In this case, Meza's cause of action accrued on December 12, 2005, and she filed her application against Dr. Topalovski on March 23, 2009, several months after the three-year limitations period expired.  Meza cannot now rely on Section 41-5-22's tolling provision to assert a timely claim and, as a result, her amended complaint will not relate back.  The district court did not err in granting summary judgment to Dr. Topalovski.

**The Discovery Rule Does Not Apply Under the Circumstances of This Case**

**{18}**     Meza alternatively argues that she did not name Dr. Topalovski in her December 11, 2008 application because the "initial pathology reports were unclear who performed the initial frozen section analysis."  She contends that the standard that this Court should employ in determining the time period by which she had to file her claim against Dr. Topalovski is the discovery date.  Under this standard, the time period for Meza to file her application with the MRC would have been in January or February 2009 when Meza first received medical reports alerting her to Dr. Topalovski's involvement.  For the reasons that follow, the discovery rule does not apply under the circumstances of this case.

**{19}**     Our Supreme Court has interpreted Section 41-5-13 to be an occurrence-based statute of repose rather than a discovery-based statute of limitations. *Cummings*, 1996-NMSC-035, ¶¶ 50-51.  The limitations period runs from the date of occurrence, as opposed to the date of discovery, and terminates the right to any action after a specific time has elapsed even though no injury has yet manifested itself.  Section 41-5-13; *Cummings*, 1996-NMSC-035, ¶ 50.  It is undisputed in this case that the alleged act of malpractice occurred on December 12, 2005.  It was incumbent on Meza to investigate and evaluate her claim—including obtaining her medical records—to determine what involvement Dr. Topalovski had before the limitation period expired.  Because the discovery rule does not apply here and because Meza did not file her application until March 23, 2009, her claim is time-barred.  The district court properly granted Dr. Topalovski's motion for summary judgment.

**CONCLUSION**

**{20}**     We affirm the district court's order granting summary judgment in favor of Dr. Topalovski.

**{21}     IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

6

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**RODERICK T. KENNEDY, Judge**

**Topic Index for _Meza v. Topalovski_, No. 30,323**

| **AL** | **ADMINISTRATIVE LAW AND PROCEDURE** |
|--------|--------------------------------------|
| AL-AA | Administrative Appeal |
| AL-AL | Administrative Law, General |
| AL-LI | Legislative Intent |
| AL-TM | Timeliness |

| **AE** | **APPEAL AND ERROR** |
|--------|----------------------|
| AE-SR | Standard of Review |

| **CP** | **CIVIL PROCEDURE** |
|--------|---------------------|
| CP-JC | Joinder of Claims |
| CP-JP | Joinder of Parties |
| CP-SL | Statute of Limitations |
| CP-SJ | Summary Judgment |

| **ST** | **STATUTES** |
|--------|--------------|
| ST-LI | Legislative Intent |

| **TR** | **TORTS** |
|--------|-----------|
| TR-FR | Fraud |
| TR-MM | Medical Malpractice |