This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARLINA ROMERO,**

Plaintiff-Appellant,

**v.**                                                    **No. A-1-CA-35177**

**LOVELACE HEALTH SYSTEM, INC.,**
**a New Mexico corporation,**

Defendant-Appellee,

**and**

**WOMEN'S SPECIALISTS OF**
**NEW MEXICO, LTD., a New Mexico**
**corporation, and KRISTINA**
**CHONGSIRIWATANA, M.D.,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Paul Kennedy & Associates, P.C.
Paul J. Kennedy
Arne R. Leonard
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.

Edward Ricco
Paul R. Koller
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Plaintiff Marlina Romero appeals the district court's grant of summary judgment dismissing her claims against Defendant Lovelace Health System, Inc. (Lovelace) for medical negligence and vicarious liability. The district court dismissed Plaintiff's claims against Lovelace on the grounds that the applicable three-year statute of limitations had run and that because Plaintiff's application under the Medical Malpractice Act (the MMA), NMSA 1978, §§ 41-5-1 to -29 (1976, as amended through 2015), did not "technically" name Lovelace, a non-qualified provider, the statute of limitations was not tolled as to Lovelace.

{2}     On appeal, Plaintiff asserts that the district court erred by (1) converting Lovelace's motion to dismiss to a motion for summary judgment, sua sponte, thus limiting Plaintiff's ability to make a record and preserve the issues for review, as well as applying the wrong standard of review; and (2) determining that Plaintiff's MMA application did not have the effect of tolling the statute of limitations as to Lovelace. We hold that the district court did not err in converting the motion to dismiss to a motion for summary judgment and that the statute of limitations applicable to

Lovelace was not tolled by Plaintiff's MMA application. Because Plaintiff's claims against Lovelace were filed after the relevant statute of limitations period had run, we affirm the district court's dismissal of Plaintiff's claims against Lovelace.

**BACKGROUND**

{3}     Plaintiff's complaint, filed on October 17, 2014, asserted claims for: (1) medical negligence against Lovelace, Women's Specialists of New Mexico (Women's Specialists), and Dr. Kristina Chongsiriwatana; (2) medical negligence/ lack of informed consent specifically against Dr. Chongsiriwatana; and (3) vicarious liability under the doctrine of respondeat superior against Lovelace and Women's Specialists. Plaintiff's claims against Women's Specialists and Dr. Chongsiriwatana are not at issue in this appeal.

{4}     According to Plaintiff's complaint, Dr. Chongsiriwatana, an employee of Women's Specialists, improperly administered a powerful drug called Methotrexate to then-pregnant Plaintiff following a diagnostic surgery performed at Lovelace meant to determine whether Plaintiff had an ectopic pregnancy, and to drain an ovarian cyst. Plaintiff asserted that the surgery revealed no signs of an ectopic pregnancy. However, because Dr. Chongsiriwatana administered Methotrexate, which carries high risks of birth defects, Plaintiff was forced to abort her planned pregnancy on June 23, 2011. The parties agree that Plaintiff's injury occurred no later than this June 23, 2011 date.

{5} Lovelace filed a motion to dismiss, arguing that the applicable three-year statute of limitations set forth in NMSA 1978, Section 37-1-8 (1976) barred Plaintiff's claims against Lovelace. Plaintiff responded, arguing that her application under the MMA with the New Mexico Medical Review Commission (the Commission) on May 14, 2014, which was filed within the statute of limitations, effectively tolled the statute of limitations as to Lovelace, even though Lovelace was not a qualified provider under the MMA. In its reply, Lovelace agreed that based on the Supreme Court's holding in *Grantland v. Lea Regional Hospital, Inc.*, 1990-NMSC-076, 110 N.M. 378, 796 P.2d 599, the tolling provision set forth in Section 41-5-22 of the MMA would apply if Lovelace had been named in the application submitted to the Commission. However, Lovelace argued that it was not "named" in the application, as required by this Court's holding in *Meza v. Topalovski*, 2012-NMCA-002, 268 P.3d 1284, and thus the tolling provision did not apply. In support of its position, Lovelace attached to its reply a copy of the application submitted by Plaintiff to the Commission. In the application, Plaintiff stated, in relevant part, in her statement of facts, including dates and circumstances that she "presented at Lovelace Medical Center with sharp pain" after having a positive pregnancy test days before, she was examined and later transferred to Lovelace Women's Hospital. At Lovelace she was seen by Dr. Chongsiriwatana. In Plaintiff's "individuals involved" section of the application,

4

Plaintiff purported to list "[t]he names, addresses, and phone numbers of all providers whose care may be germane to the issues" but did not list Lovelace as a provider or state that any of the listed providers were employees or agents of Lovelace.

{6} During the hearing on Lovelace's motion to dismiss, the district court noted that the motion to dismiss was converted to a motion for summary judgment because the court had been asked to look at matters outside the pleadings. After hearing argument from both parties, the court indicated it felt that Plaintiff should have an opportunity to present a surreply to Lovelace's reply and to the documents. Plaintiff was given twenty-three days to file a surreply. Plaintiff filed a surreply, attaching a letter and medical records request sent from the Commission to Lovelace Women's Hospital. The letter stated that the Commission received an application from Plaintiff, but that the "application does not involve you[.]" Lovelace then filed a response to the surreply on October 1, 2015, attaching a letter from the Commission to Lovelace Medical Center. This letter also stated that the Commission received Plaintiff's application and that the "application does not involve you[.]"

{7} The district court granted Lovelace's motion, noting in its order that the motion to dismiss was converted to a motion for summary judgment, pursuant to Rule 1-012(C) NMRA. The court ruled that Plaintiff's claims were subject to a three-year statute of limitations and that tolling applied to non-qualifying health care providers

under *Grantland*, 1990-NMSC-076, ¶¶ 4, 9. However, the court also noted, citing *Meza*, 2012-NMCA-002, ¶ 1, that the statute of limitations is not tolled as to a party not named in the application. According to the district court, naming a party in the application includes "a brief statement of the facts of the case, naming the persons involved, the dates and the circumstances . . . of the alleged act or acts of malpractice[.]" Section 41-5-15(B)(1). The court stated that although Lovelace was "technically named in the application, there [were] no dates and circumstances suggesting malpractice, negligence, alleged acts or respondeat superior on behalf of Lovelace." According to the court, "[b]ecause Lovelace was not named in the application, the statute of limitations was not tolled[,]" and it therefore granted the motion. This appeal followed.

**DISCUSSION**

**I.      Conversion to Summary Judgment**

{8}     According to Rule 1-012(B) and (C), on a motion to dismiss for failure to state a claim or on a motion for judgment on the pleadings, if

> matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 1-056 NMRA, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 1-056[.]

*See Peck v. Title USA Ins. Corp.*, 1988-NMSC-095, ¶ 10, 108 N.M. 30, 766 P.2d 290 ("Since matters outside the pleadings were presented to the trial court and since both parties had adequate notice to present all pertinent material at the hearing, the trial court correctly treated the . . . [Rule] 1-012(B)(6) motion as a motion for summary judgment."); *Lopez v. Ski Apache Resort*, 1992-NMCA-047, ¶ 7, 114 N.M. 202, 836 P.2d 648 (holding that the order dismissing the plaintiffs' claims should be reviewed as a motion for summary judgment because "[t]he court's decision to grant the motion was based on matters alleged in the pleadings, facts stipulated to by the parties, and the record containing affidavits submitted by the parties both in support and opposition to [the d]efendants' motions").

{9} A district court's application of a procedural rule is reviewed for an abuse of discretion, which occurs "when the district court's decision is clearly untenable or contrary to logic and reason" or "when it exercises its discretion based on a misunderstanding of the law." *Trinosky v. Johnstone*, 2011-NMCA-045, ¶ 23, 149 N.M. 605, 252 P.3d 829 (alteration, internal quotation marks, and citations omitted).

{10} In New Mexico, no bright-line rule exists regarding the notice a district court must give to the parties regarding its intent to convert a motion. *See Ennis v. Kmart Corp.*, 2001-NMCA-068, ¶¶ 17, 21, 131 N.M. 32, 33 P.3d 32. Our case law requires "only that the opposing party have an opportunity to respond to the introduction of

material outside of the pleadings[] and that the requirements of Rule 1-056 are met." *Id.* ¶ 21. In *Ennis*, this Court held that there was adequate notice and an opportunity to respond when a plaintiff served his response to a motion with extrinsic evidence at least three weeks prior to the hearing at which the motion was converted, and defense counsel expressed an understanding that the plaintiff would be relying on the extrinsic evidence to defeat the motion. *Id.* ¶¶ 3, 21-22. We also recognized that when the party opposing the conversion fails to show how it was prejudiced by the conversion, summary judgment is an appropriate procedure. *Id.* ¶ 21; *see Aldridge v. Mims*, 1994-NMCA-114, ¶ 12, 118 N.M. 661, 884 P.2d 817 ("When the opposing party has reasonable notice of the issues underlying a summary judgment, together with the opportunity to be heard, and makes no specific allegation of prejudice at that time, summary judgment is an appropriate procedure[, even when the motion was initially made under Rule 1-012.]").

{11} Plaintiff argues that the motion should not have been converted to a motion for summary judgment under Rule 1-056 because Lovelace's reply brief did not mention converting the motion into a motion for summary judgment, and the motion did not provide a numbered statement of undisputed facts as required by Rule 1-056. Plaintiff asserts that these deficiencies resulted in Plaintiff not having a fair opportunity to respond or preserve error with respect to summary judgment. Despite her arguments

against conversion, Plaintiff acknowledges and Lovelace highlights that the district court told Plaintiff that it intended to convert the motion into a motion for summary judgment and that the district court gave Plaintiff an opportunity to file a surreply prior to issuing its order.

{12} We hold that the district court did not err when it converted Lovelace's motion to dismiss into a motion for summary judgment. Lovelace attached documents to its reply on January 27, 2015, which was more than seven months prior to the September 2, 2015 hearing on the motion. *Cf. Ennis*, 2001-NMCA-068, ¶¶ 3, 21-22 (holding that three weeks notice was adequate). Additionally, at the hearing, the district court specifically stated that it was converting Lovelace's motion to dismiss into a motion for summary judgment and granted Plaintiff leave to file a surreply within twenty-three days of the hearing. Because the court granted Plaintiff leave to file a surreply and indicated its intent to convert the motion to a motion for summary judgment, Plaintiff was given a reasonable opportunity to respond and preserve any issues for review. Although, as Plaintiff points out, Lovelace's motion did not include a numbered statement of facts, Plaintiff has failed to show how the absence of numbered facts deprived her of a fair opportunity to respond or how she was prejudiced by the conversion. *See id.* ¶¶ 21-22 (noting that conversion is "governed by principles of substance rather than form" and determining there was no reversible

9

error when there was adequate notice, an adequate opportunity to respond, and no showing of prejudice). Because Plaintiff failed to show prejudice, the conversion of the motion did not constitute an abuse of discretion. *See Trinosky*, 2011-NMCA-045, ¶ 23; *Blake v. Blake*, 1985-NMCA-009, ¶ 27, 102 N.M. 354, 695 P.2d 838 ("Absent a showing of prejudice, we will not find abuse of discretion.").

## II. Tolling

**{13}** We review orders granting motions for summary judgment de novo. *See Delfino v. Griffo*, 2011-NMSC-015, ¶ 10, 150 N.M. 97, 257 P.3d 917. "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *Meza*, 2012-NMCA-002, ¶ 6 (internal quotation marks and citation omitted). To the extent this appeal presents an issue of statutory construction, we review that issue de novo. *See State Farm Mut. Auto. Ins. Co. v. Valencia*, 1995-NMCA-096, ¶ 7, 120 N.M. 662, 905 P.2d 202.

## A. The MMA and Statutes of Limitations

**{14}** The MMA, in a general sense, was enacted " 'to promote the health and welfare of the people of New Mexico by making available professional liability insurance for health care providers in New Mexico.' " *Baker v. Hedstrom*, 2013-NMSC-043, ¶ 16,

10

309 P.3d 1047 (quoting Section 41-5-2). Under the MMA, health care providers include, in relevant part to this appeal, medical doctors and hospitals. *See* § 41-5-3(A). Further, "[h]ealth care providers licensed to practice in New Mexico are separated by the [MMA] into two classes, 'qualified' and 'non-qualified.' " *Otero v. Zouhar*, 1985-NMSC-021, ¶ 2, 102 N.M. 482, 697 P.2d 482, *overruled on other grounds by Grantland*, 1990-NMSC-076, ¶ 9.

{15}     Qualified health care providers must meet certain financial responsibility requirements outlined in Section 41-5-5. And under the MMA, medical malpractice suits against health care providers are subject to a three-year statute of limitations as set forth in Section 41-5-13. *See Roberts v. Sw. Cmty. Health Servs.*, 1992-NMSC-042, ¶ 19, 114 N.M. 248, 837 P.2d 442 (noting the statute of limitations set forth in Section 41-5-13 applies only to qualified health care providers). However, "[n]o malpractice action may be filed in any court against a qualifying health care provider before application is made to the . . . [C]ommission and its decision is rendered." Section 41-5-15(A). According to our Supreme Court, the purpose of this requirement "is to prevent the filing of nonmeritorious malpractice lawsuits." *Grantland*, 1990-NMSC-076, ¶ 5.

{16}     An application to the Commission must contain:

11

(1) a brief statement of the facts of the case, naming the persons involved, the dates and the circumstances, so far as they are known, of the alleged act or acts of malpractice; and

(2) a statement authorizing the panel to obtain access to all medical and hospital records and information pertaining to the matter giving rise to the application, and[] for the purposes of its consideration of the matter only, waiving any claim of privilege as to the contents of those records. Nothing in that statement shall in any way be construed as waiving that privilege for any other purpose or in any other context, in or out of court.

Section 41-5-15(B). Under Section 41-5-15(B)(1), "it is not necessary that each of [a] plaintiff's counts, nor each of his [or her] allegations, be presented to the [C]ommission." *Trujillo v. Puro*, 1984-NMCA-050, ¶ 8, 101 N.M. 408, 683 P.2d 963.

{17} Once an application is submitted to the Commission for review, the applicable limitation period is tolled until thirty days after a decision is issued. Section 41-5-22 ("The running of the applicable limitation period in a malpractice claim shall be tolled upon submission of the case for the consideration of the panel and shall not commence to run again until thirty days after the panel's final decision is entered in the permanent files of the [C]ommission and a copy is served upon the claimant and his attorney by certified mail.").

{18} Although a plaintiff is required to have the Commission review her malpractice claims against a qualified health care provider, a plaintiff is not required to have the Commission review its malpractice claims against a non-qualified health care

12

provider. *See* § 41-5-15; *see also Rupp v. Hurley*, 2002-NMCA-023, ¶ 10, 131 N.M. 646, 41 P.3d 914 ("Section 41-5-15 is a procedural precondition[.]"). Additionally, the applicable statute of limitations for non-qualified health care providers is also three years, but it is stated in Section 37-1-8, and it "bars actions that are not brought within three years of the accrual of the cause of action[,]" as opposed to the MMA's statute of limitations "which bars malpractice claims that are not initiated within three years of the date of the wrongful act." *Roberts*, 1992-NMSC-042, ¶ 15; *see* § 37-1-8 ("Actions must be brought . . . for an injury to the person . . . within three years."); *Meza*, 2012-NMCA-002, ¶ 9 (referring to Section 41-5-13 as a statute of repose).

{19}     In this case, the parties agree on appeal based on their readings of *Grantland*, that although Lovelace is undisputedly a non-qualified provider and the statute of limitations set forth in Section 37-1-8 applies to Plaintiff's claims against Lovelace, the tolling provision in the MMA, Section 41-5-22, nevertheless could toll Plaintiff's claims against Lovelace. The parties also at the same time agree, based on their readings of *Meza*, that if Lovelace was "named" or "adequately named" in the application, the tolling provision would apply.

{20}     In *Grantland*, the plaintiffs filed an application with the Commission a few months before the statute of limitations would have run on their claims. *See* 1990-NMSC-076, ¶ 2. A few months after the statute of limitations would have run, the

plaintiffs filed a medical malpractice complaint against the hospital in district court and also "made further inquiry of the [C]ommission as to [the defendant hospital's] status as a qualified health care provider." *Id.* ¶¶ 2-3. In the next month after the inquiry, the Commission advised the plaintiffs that the defendant "had not contributed to the patient's compensation fund and therefore was not a qualified health care provider under the [MMA]." *Id.* ¶ 2. The district court "found that [the plaintiffs] did not know or have reason to know that [the defendant] was not a qualified health care provider for the purposes of the [MMA], and even though the [plaintiffs'] complaint was filed in district court more than three years after the date of the alleged malpractice, it was not barred by the statute of limitations as a matter of law." *Id.* ¶ 3. Our Supreme Court framed the issue on appeal as "whether the filing of a medical malpractice application with the . . . [C]ommission tolls the statute of limitations as to non[-]qualified health care providers." *Id.* ¶ 4. The Court ultimately affirmed the district court, holding "that Section 41-5-22, which tolls the statute of limitations period upon submission of a case to the [C]ommission, should be enforced according to its terms whether the [C]ommission's determination is that the health care provider is not qualified and the claim is consequently rejected, or whether the [C]ommission determines that the health care provider is qualified and the claim is resolved on its merits." *Grantland*, 1990-NMSC-076, ¶ 9. In reaching this conclusion, the Court

noted that "claimants who make a good-faith attempt to comply with the [MMA] should not be deprived of their day in court by placing form above substance." *Id.* ¶ 6.

{21} In *Meza*, 2012-NMCA-002, ¶ 1, this Court considered "whether a plaintiff who wrongly names a health care provider in an application to the . . . Commission . . . is then allowed to use the [Commission's] own rules to amend her complaint and rely on the original filing date for purposes of applying the tolling period to a substitute health care provider." We concluded that "filing an application with the [Commission] as to one provider cannot toll the limitations period as to another provider who was not named in the original application and for whom the statutory period in which to file a cause of action has passed." *Id.* In reaching our decision, we stated that "we believe it would contravene the mandatory language of Section 41-5-13[1] and would be inconsistent with the purposes of the MMA to allow [the plaintiff] to utilize the tolling provision of Section 41-5-22 to assert a timely claim against [the unnamed qualified provider] when the three-year statute of limitations had already expired." *Id.* ¶ 10. Thus, "the tolling provision of Section 41-5-22 was not intended to give a claimant additional time beyond the statutorily prescribed period within which to

[1] Although *Meza* does not explicitly state that the providers at issue in that case were qualified under the MMA, we presume that they were both qualified providers because the only statute of limitations referenced was Section 41-5-13. As stated earlier, non-qualified providers are subject to the statute of limitations set forth in Section 37-1-8, not the statute of limitations set forth in Section 41-5-13.

formulate causes of action against a previously unnamed health care provider." *Id.* ¶ 12.

**B.    Analysis**

{22}    We begin our analysis by noting that we decide this case based on the manner in which the case was tried before the district court and argued in the appellate briefs. The parties have agreed that *Grantland* stands for the proposition that the tolling provision in the MMA can apply to Plaintiff's claims against Lovelace. Although we question the applicability of the Supreme Court's holding in *Grantland* to this case due to the factual disparities between the cases, Lovelace does not challenge *Grantland*'s application, and we narrow our analysis and our holding accordingly. We take no formal position on the parties' use of *Grantland* in this appeal nor on the applicability of *Grantland* to this appeal, and this case should not be cited to support similar use or application in the future. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)). We also question the applicability of *Meza*, as *Meza* addressed an attempted modification to an application and involved two qualified health care providers, as opposed to a qualified and a non-qualified health care provider. *Meza*'s utility is also limited because it offers no guidance on what it means for a provider to be "named."

16

**{23}** On appeal, Plaintiff first argues that her application fulfilled the requirements set out in Section 41-5-15(B) and that Lovelace was "named" in the application a number of times, including under the section heading entitled "statement of facts, including dates and circumstances," as well as in the medical records releases signed by Plaintiff and sent to Lovelace. As indicated earlier in this opinion, Section 41-5-15(B)(1) states that an application shall contain "a brief statement of facts of the case, naming the persons involved, the dates and the circumstances, so far as they are known, of the alleged act or acts of malpractice[.]" Here, Plaintiff did state the facts in her application that she "presented at Lovelace Medical Center with sharp pain" and was ultimately "transfer[red] to Lovelace Women's Hospital," where she saw Dr. Chongsiriwatana. But when listing the "individuals involved[,]" a section that purports to provide "[t]he names, addresses, and phone numbers of *all providers* whose care may be germane to the issues[,]" (emphasis added) Plaintiff did not list Lovelace or indicate that any of the listed individuals were employees or agents of Lovelace. In fact, Plaintiff does not provide any facts or allegations as to Lovelace's responsibility, in any manner, either directly or vicariously, for any "act or acts of malpractice[.]" *Id.* Upon reviewing the application, there is nothing that clearly states Plaintiff believed Lovelace was negligent or that Dr. Chongsiriwatana was an employee or agent of Lovelace.

17

{24} Lovelace argues that Plaintiff's mere reference to Lovelace as a place where Plaintiff received treatment is insufficient to identify Lovelace as a provider who allegedly committed malpractice. Lovelace also argues that the application did not effectively notify the Commission of Lovelace's alleged involvement, as evidenced by the Commission's letters to Lovelace that the application "does not involve you[.]" Plaintiff responds by arguing that she was not required to notify Lovelace of the application or seek Lovelace's voluntary participation in the Commission proceedings.

{25} We are unpersuaded by Plaintiff's arguments that she may rely on the MMA's tolling provision without being more specific in her application about her allegations against Lovelace. In our view, given how the parties viewed *Grantland* and *Meza* in this case, if a plaintiff wishes to utilize the tolling provision in Section 41-5-22 against particular providers, then he or she must identify the alleged act or acts of malpractice against those particular providers. This is consistent with the language in Section 41-5-15(B), together with other provisions in the MMA that strongly suggest that a plaintiff must identify particular providers in the application and that those providers receive notice of the proceeding through service of the application on the provider involved. *See, e.g.*, § 41-5-8 (stating that a health care provider named as a respondent in a proceeding before the Commission has the option of paying for a patient's medical care and related benefits prior to the entry of a judgment); § 41-5-16(A), (B)

18

(stating that when an application is received, the Commission must serve a copy of the application to the health care providers involved, and the health care provider involved shall answer the application); § 41-5-17 (explaining panel selection, including notifying the health care provider's professional society, association, or licensing board, and describing the selection process when there are "multiple defendants"); § 41-5-18 (stating that when a hearing has been set, "prompt notice" shall be given to the "parties involved"); § 41-5-19(A) (indicating that after the attorney who submitted the case for review presents a brief introduction to the panel, "[t]he health care provider against whom the claim is brought" may also make an introductory statement); § 41-5-20(D) (stating that panel reports shall be sent to the health care provider's professional licensing board).

**{26}** Additionally, requiring notice to defendants against whom a plaintiff seeks to toll the statute of limitations is supported by our case law regarding statutes of limitations. *See Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶ 23, 140 N.M. 111, 140 P.3d 532 ("[T]he purpose of a statute of limitations is to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights." (internal quotation marks and citation omitted)); *see also Meza*, 2012-NMCA-002, ¶ 10 ("[T]he running of the statute of limitations creates a substantive right for a provider to be free of liability after a specified period of time.").

**{27}** Plaintiff further argues that she was not required to include specific theories in her application, including respondeat superior, because in *Trujillo*, 1984-NMCA-050, ¶ 8, this Court held that it is not necessary to present each count or allegation to the Commission and because New Mexico is a notice-pleading state as recognized in *Zamora v. St. Vincent Hospital*, 2014-NMSC-035, ¶ 14, 335 P.3d 1243. We are unpersuaded. Although we agree that not all counts or allegations need be included in the application to the Commission per *Trujillo*, for the reasons set forth earlier in this opinion, we hold that if a plaintiff wants to utilize the MMA's tolling provision, there must be information in the application identifying providers that allegedly committed malpractice in a manner that would put those providers on notice that the applicant may assert a negligence or a vicarious liability claim against those providers.

**{28}** We also reject Plaintiff's argument that *Zamora* supports her position that she was not required to include more information in her application. *Zamora* is not an MMA case. It involved Rule 1-008 NMRA. In *Zamora*, our Supreme Court held that the plaintiff's complaint adequately notified a hospital that one or more of its employees or agents was negligent and thus specifically pleading vicarious liability was not required under Rule 1-008. *Zamora*, 2014-NMSC-035, ¶ 1. That holding, which applies to court pleadings and rules, does not apply here, where the issue is whether an application to the Commission, governed by the MMA, included

20

information required in the MMA application that would be sufficient to toll the statute of limitations. We also note that, under the MMA, applications that include respondeat superior claims are procedurally handled somewhat differently, suggesting that a plaintiff ought to identify such claims if he or she intends for the Commission to consider them. *See* § 41-5-16(C) ("In instances where applications are received employing the theory of respondeat superior or some other derivative theory of recovery, the director shall forward such applications to the state professional societies, associations or licensing boards of both the individual health care provider whose alleged malpractice caused the application to be filed, and the health care provider named a respondent as employer, master or principal."); § 41-5-17(E) ("In those cases where the theory of respondeat superior or some other derivative theory of recovery is employed, two of the panel members shall be chosen from the individual health care provider's profession and one panel member shall be chosen from the profession of the health care provider named a respondent employer, master or principal.").

{29}    Finally, Plaintiff argues that Lovelace's suggestion of filing a lawsuit against only Lovelace within the statute of limitations and then later adding the qualified defendants was not an option because such protective lawsuits are disfavored by the courts, run counter to the MMA, and could result in Rule 1-011 NMRA sanctions

against Plaintiff. We decline to reach this argument because no such suit was filed in this case, and any opinion would therefore be advisory. "We do not give advisory opinions." *Otero v. Zouhar*, 1984-NMCA-054, ¶ 12, 102 N.M. 493, 697 P.2d 493, *aff'd in part, rev'd in part on other grounds by* 1985-NMSC-021.

{30}     In sum, because the MMA's tolling provision does not apply as to Plaintiff's claims against Lovelace in this case, the application of the three-year statute of limitations in Section 37-1-8 remains unaltered. And because Plaintiff undisputedly filed her claims against Lovelace after the three-year statute of limitations had run, the district court was correct to grant Lovelace's motion.

**CONCLUSION**

{31}     For the reasons set forth in this opinion, we affirm the district court's summary judgment dismissing Plaintiff's claims against Lovelace.

{32}     **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**JULIE J. VARGAS, Judge**

22